


IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PATRICIA ANDERSON PLAINTIFF

V CAUSE NO. 1:13cv302LG-JMR

HARRISON COUNTY ADULT DETENTION CENTER; HARRISON COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; HARRISON COUNTY, MISSISSIPPI ELAINE LEGE, DAVID SANDERSON and JOHN AND JANE DOES 1-10 DEFENDANTS

JURY TRIAL DEMANDED

COMPLAINT

COMES NOW, the Plaintiff, Patricia Anderson, and files this her Complaint against Harrison County Adult Detention Center, Harrison County, Mississippi Board of Supervisors, Harrison County, Mississippi, Elaine Lege, David Sanderson and John and Jane Does 1-10 to recover back wages, reinstatement to her previous position, front pay, compensatory damages, punitive damages, costs and attorney's fees and any other relief to which she may be entitled and in support of this claim she states as follows:

PARTIES

1. The Plaintiff, Patricia Anderson, is an adult resident citizen of Gulfport, Harrison County, Mississippi.

2. The Defendant, Harrison County Adult Detention Center does business in the State of Mississippi in Gulfport, Harrison County, Mississippi. Harrison County Adult Detention Center may be served with process by serving Sheriff Melvin Brisolara, at 10451 Larkin Smith Dr., Gulfport Mississippi or wherever he may be found.

3. The Defendant, Harrison County, Mississippi Board of Supervisors, is an administrative division of the State of Mississippi located in Harrison County, Mississippi. They may be served with process by serving John Adams, Chancery Clerk of Harrison County, Mississippi at 1801 23rd Ave., Gulfport, Mississippi 39501.

4. The Defendant, Harrison County, Mississippi, is county located in the State of Mississippi. They may be served with process by serving John Adams, Chancery Clerk of Harrison County, Mississippi at 1801 23rd Ave., Gulfport, Mississippi 39501.

5. Defendant Elaine Lege is an adult resident citizen of Hancock County, Mississippi and may be served with process at 19023 Pin Oak Way, Kiln, Mississippi, 10451 Larkin Smith Dr., Gulfport Mississippi or wherever she may be found.

6. Defendant David Sanderson is an adult resident citizen of Harrison County, Mississippi and may be served with process at 15082 Government St., Gulfport, Mississippi, 10451 Larkin Smith Dr., Gulfport Mississippi or wherever he may be found.

7. Defendants John and Jane Does 1-10 constitute the class of organizations, companies, or individuals unknown to Plaintiff at this time that through their actions, negligence, conspiracy, concealment, or otherwise caused Plaintiff's damage. The group includes any owners, management entities, insurance companies, managers, or employees of the above named Defendants or any entity or individual related to them or associated with this business that caused or contributed to the injuries suffered by Plaintiff.

JURSIDICTION AND VENUE

8. This Court has subject matter jurisdiction over the claims alleged herein

under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 , *et seq.*, Title I of the Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. § 12111, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq* and the Family Medical Leave Act, 26 U.S.C. § 2601. *et seq* (hereinafter "FMLA").

9. Venue is proper in this district as both the Plaintiff and the Defendants are located in this judicial district. In addition, the events and omissions giving rise to the claim occurred in this judicial district.

CAUSE OF ACTION

10. Plaintiff, Patricia Anderson, a female, began her employment with Defendant, Harrison County Adult Detention Center (hereinafter "ADC") around June 1, 2007 as a correctional officer and is still employed with ADC. Upon information and belief, Defendant ADC operates and manages the jail for the Defendant Harrison County, Mississippi Board of Supervisors.

11. At all times relevant and material, Plaintiff was an employee of Defendants within the meaning of Title VII of the Civil Rights Act, Title I of the ADA, the Rehabilitation Act and the FMLA.

12. In August 2012, Plaintiff was off work for medical/FMLA leave due to depression.

13. The plaintiff's condition was a disability as defined by the Americans with Disabilities Act and the Rehabilitation Act and was covered under the FMLA.

14. Plaintiff returned to work on September 17, 2012. When she returned to work, she was transferred from her position as a Canteen Office (working an eight hour shift under Administration) to a Correctional Officer (working a twelve hour shift). This transfer was made by Defendants Elaine Lege and David Sanderson.

15. The Plaintiff was qualified for her position, as she had been performing it for over a year at the time of her leave, and was able to perform her job with a reasonable accommodation when she returned.

16. Defendants were notified of the Plaintiff's restrictions by the Plaintiff's doctor. Plaintiff was released to return to work for an eight hour shift.

17. This accommodation would not have imposed an undue burden on Defendants, but Defendants failed to provide such accommodation.

18. Plaintiff was discriminated against based upon her disability.

19. In addition, the transfer from Canteen Officer to Correctional Officer was done in violation of the FMLA, in that she was not returned to her original job or an equivalent job with equivalent terms of employment.

20. In addition, Plaintiff was discriminated against on the basis of her race.

21. Plaintiff was one of three females working in Administration. Two of those females were African American and one was white. The two African Americans were transferred from the eight hour shift to the twelve hour shift and the white female was allowed to continue working an eight hour shift in Administration.

22. The Defendants' actions towards the Plaintiff were done in violation of her federally protected rights.

23. The Defendants actions caused Plaintiff to suffer embarrassment, emotional distress, anxiety and stress.

24. The Defendants actions were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000, *et seq*. and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, *et seq*., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. and the Family Medical Leave Act, 26 U.S.C. §2601, *et*

*seq.*

25. As a result of the Defendants' wrongful conduct, Plaintiff is entitled to an award of damages and all other available relief under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* and the Family Medical Leave Act, 26 U.S.C. §2601, *et seq.* as amended (including, without limitation, lost wages, interest, reinstatement to previous position or front pay, emotional distress damages, attorneys' fees, litigation expenses, costs and punitive damages).

EEOC PROCEEDINGS

26. Plaintiff timely filed a Charge of Discrimination with the EEOC. A copy of said Charge is attached hereto as Exhibit "A" and incorporated by reference.

27. Plaintiff was sent her Notice of Right to Sue by the EEOC on April 30, 2013 and this civil action is timely filed. See letter attached hereto as Exhibit "B" and incorporated by reference.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

a. Back pay;

b. Front pay;

c. Reinstatement to her former position;

d. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

e. Past and future doctor, hospital, drug and medical bills;

f. Interest;

g. Punitive damages;

h. Reasonable costs and attorneys' fees; and

i. All other relief to which she may be entitled.

Respectfully submitted, this the 17th day of July, 2013.

PATRICIA ANDERSON

Teresa E. Harvey

PREPARED BY:
TERESA E. HARVEY (MSB#100442)
CG LAW GROUP, P.A.
120 NORTH CONGRESS ST.
SUITE 200
JACKSON, MS 39201
601-948-8005
601-948-8010 (FAX)
tharvey@cglawms.com