IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PATRICIA ANDERSON                                                             PLAINTIFF

v.                                                              CAUSE NO. 1:13CV302-LG-JCG

HARRISON COUNTY, MISSISSIPPI                                      DEFENDANT

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [63] filed by two former defendants, Elaine Lege and David Sanderson. The only remaining defendant, Harrison County, Mississippi, filed a Joinder [65] and an Amended Joinder [70] in the Motion, and the plaintiff, Patricia Anderson, filed a response in opposition to the Motion. Harrison County also filed a reply in support of the Motion. After reviewing the submissions of the parties and the applicable law, the Court finds that Harrison County's request for summary judgment should be granted.

FACTS AND PROCEDURAL HISTORY

Patricia Anderson began working as a correctional officer at the Harrison County Adult Detention Center in 2007. (Compl. at ¶10, ECF No. 1). She was assigned the canteen officer position, and she worked eight hour shifts, Monday through Friday. (Def.'s Mot., Ex. E at 10-12, ECF No. 63-7).

On April 15, 2012, Major David Sanderson became the warden of the detention center, and he began reviewing the job responsibilities of the detention center's employees to see what changes needed to be made due to staffing and

budget constraints as well as the working relationship of the center's various employees. (*Id.* at 8). The officers working correction shifts worked twelve-hour shifts when he began serving as warden, but the officers working in the booking department and offender services worked eight hour shifts. (*Id.* at 9). In June 2012, Sanderson required all of the officers in the booking department to begin working twelve-hour shifts. (*Id.*) Next, he met with all of the officers working in offender services, including Anderson, to inform them that they would begin working twelve-hour shifts in September 2012. (*Id.* at 10-11). These meetings took place in June or July 2012. (*Id.* at 11).

Anderson went on family medical leave from August 26, 2012, to September 17, 2012, because she suffers from severe anxiety and depression. (Def.'s Mot., Ex. D at 2-3, ECF No. 63-6; Pl.'s Resp., Ex. 2 at 2, ECF No. 68-2). Twelve-hour shifts for officers who had been working in offender services began on September 14, 2012, before Anderson returned from medical leave. (Def.'s Mot., Ex. C at 6, ECF No. 63-3). On September 20, 2012, Anderson's psychotherapist signed a Family and Medical Leave Act certification stating that Anderson should only work a six to eight hour shift. (Pl.'s Resp., Ex. 2 at 4, ECF No. 68-2). However, he testified that there is no way that Harrison County could accommodate her restriction, due to staff shortages, budget constraints. (Def.'s Mot., Ex. C at 6, ECF No. 63-3). He explained that Harrison County would be required to hire additional staff to work the four hours that Anderson was unable to work during each shift. (*Id.*) Anderson

continued to be employed by Harrison County for a few more months but she was eventually terminated for excessive absences. (*Id.* at 7; Def.'s Mot., Ex. D at 16, ECF No. 63-6).

Prior to her termination, Anderson had filed a charge of discrimination with the Equal Employment Opportunity Commission due to the additional hours she was required to work each shift. (Def.'s Mot., Ex. A, ECF No. 63-1). On July 22, 2013, she filed this lawsuit against the Harrison County Adult Detention Center, the Harrison County Board of Supervisors, Harrison County, Mississippi, Elaine Lege,[1] and David Sanderson. In her Complaint, Anderson, who is an African American, claimed that the defendants committed race discrimination in violation of Title VII, and violated the Americans with Disabilities Act, the Rehabilitation Act, and the Family and Medical Leave Act. Anderson's Complaint does not assert any claims related to her termination; rather, all of her claims pertain to the additional hours that she was required to work during each shift.

Anderson's claims against the detention center were dismissed pursuant to an Agreed Order entered on September 19, 2014. Lege and Sanderson filed the present Motion for Summary Judgment, and Harrison County, Mississippi, and the Board of Supervisors filed two joinders in the Motion. Soon afterwards, Lege, Sanderson, and the Board of Supervisors were dismissed pursuant to an Agreed Order. The only remaining defendant is Harrison County, Mississippi.

---

[1] Lege was Anderson's supervisor.

## DISCUSSION

### I. ANDERSON'S OBJECTION TO HARRISON COUNTY'S AMENDED JOINDER

On October 13, 2014, Harrison County filed a Joinder that stated:

> Harrison County . . . [does] hereby join in Warden Sanderson and Captain Lege's Motion for Summary Judgment and . . . Memorandum Brief in Support of their [Motion] and further adopts and incorporates herein, as though fully copied in words and phrases, all of the contents, citations and authorities in said Motion and Memorandum in Support.

(Joinder, ECF No. 65). On November 6, 2014, Harrison County filed an Amended Joinder that included the same language but also stated that Harrison County moves for summary judgment on its behalf. (Am. Joinder, ECF No. 70).

In her response in opposition to the Motion for Summary Judgment, Anderson objected to the Amended Joinder as untimely, because it was filed almost one month after the defendants' deadline for filing dispositive motions. She also notes that the Amended Joinder was filed on the same date that her response to the Motion for Summary Judgment was due.

The Court agrees that the Amended Joinder was untimely, because the amendment was filed more than twenty-one days after the original Joinder was filed, and Harrison County did not seek leave of court before filing the amendment. *See* Fed. R. Civ. P. 15(a). Therefore, this Court must consider whether the original Joinder was sufficient.

Anderson contends that the original Joinder was insufficient, because it did not specifically seek summary judgment in favor of Harrison County, Mississippi.

The Court finds that the Joinder was sufficient. It incorporated all of the arguments included in the Motion for Summary Judgment by reference, and most of the arguments included in the Motion for Summary Judgment are equally applicable to Harrison County as they were to Lege and Sanderson. Finally, Anderson had an opportunity to file a response to the Motion that directly related to Harrison County, and she did in fact file such a response. The Court will now turn to the merits of the Motion for Summary Judgment.

## II. HARRISON COUNTY'S MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

### A. RACE DISCRIMINATION AND DISABILITY DISCRIMINATION

In order to set forth a prima facie case of race discrimination under Title VII, a plaintiff must demonstrate (1) that she belongs to a protected class; (2) that she

was qualified for the position; (3) that she was subjected to an adverse employment action; and (4) that similarly situated persons outside her protected class were treated more favorably under circumstances that were nearly identical to hers. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001). If the plaintiff sets forth a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). If the employer meets this burden of production, the burden shifts back to the plaintiff to demonstrate that the employer's proffered reason is a pretext for discrimination. *Id.*; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000).

Similarly, a plaintiff asserting a claim of disability discrimination must demonstrate that (1) she suffers from a disability; (2) she was qualified for the position at issue; (3) she was subjected to an adverse employment action; and (4) she was treated less favorably under nearly identical circumstances, than were other similarly situated, non-disabled employees. *Milton v. Tex. Dep't of Criminal Justice*, 707 F.3d 570, 573 (5th Cir. 2013). If the plaintiff establishes a prima facie case of disability discrimination, the burden shifts to the employer to articulate a "legitimate, non-discriminatory reason for the adverse employment action." *McInnis v. Alamo Cmty. College Dist.*, 207 F.3d 278, 280 (5th Cir. 2000). If the employer articulates such a reason, the burden shifts back to the plaintiff to establish that the proffered reason was mere pretext. *Id.*

In the present case, Harrison County argues that Anderson has not demonstrated that similarly situated persons were treated more favorably under nearly identical circumstances. Anderson counters that Mary Knebel, a white, non-disabled officer, was permitted to continue to work eight-hour shifts. However, Anderson admitted during her deposition that Knebel's job was different from Anderson's job. (Def.'s Mot., Ex. G at 95, ECF No. 63-9).[2] While Anderson worked as the canteen officer prior to the shift change, Knebel worked as the sanitation supervisor. (Def.'s Mot., Ex. C at 8, ECF No. 63-3). Knebel supervised the kitchen crew, sanitation crew, and all inmate workers, and in addition to the hours she worked, she was on call. *Id.* Since the record in this matter reveals that Knebel served in a different position in which she had different responsibilities, including supervisory authority over other employees and inmate workers, Knebel was not similarly situated to Anderson and their circumstances were not nearly identical. As a result, Anderson has not set forth a prima facie case of race or disability discrimination.

Furthermore, it should be noted that even if Anderson had set forth a prima facie case, Harrison County has provided uncontroverted evidence and testimony of a legitimate, nondiscriminatory reason for Anderson's shift change– a restructuring of the duties of correction officers in an effort to alleviate staffing shortages and budget shortfalls. In her response to the Motion for Summary Judgment, Anderson

---

[2] Knebel's last name was misspelled "Nettles" in the transcript of Anderson's deposition.

has not presented any arguments in an attempt to show that the reason proffered by Harrison County is pretext for either race or disability discrimination. As a result, Harrison County is entitled to summary judgment as to Anderson's race discrimination and disability discrimination claims.

### B.  REHABILITATION ACT AND FAMILY AND MEDICAL LEAVE ACT

In her Memorandum in Opposition to the Motion for Summary Judgment, Anderson withdrew her Rehabilitation and FMLA claims. Therefore, it is not necessary for the Court to consider Harrison County's arguments related to those claims.

### CONCLUSION

Since Anderson has not identified a proper comparator, she has not established a prima facie case of race or disability discrimination. Furthermore, she has not demonstrated that Harrison County's articulated reason for her shift change was pretext. Finally, Anderson has voluntarily withdrawn her Rehabilitation Act and FMLA claims. Therefore, Harrison County is entitled to summary judgment as to all of the claims asserted by Anderson.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [63] joined by Harrison County, Mississippi, is **GRANTED**. Anderson's claims against Harrison County, Mississippi, are **DISMISSED WITH PREJUDICE**. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58(a).

**SO ORDERED AND ADJUDGED** this the 1st day of December, 2014.

_s/ Louis Guirola, Jr._
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
