IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PATRICIA ANDERSON                                                      PLAINTIFF

v.                                                    CAUSE NO. 1:13CV302-LG-JCG

HARRISON COUNTY, MISSISSIPPI                                           DEFENDANT

### ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND FINDING AS MOOT PLAINTIFF'S MOTION TO STRIKE REPLY

**BEFORE THE COURT** are the Motion for Attorneys' Fees [77] filed by the defendant Harrison County, Mississippi, and the Motion to Strike Reply [91] filed by the plaintiff Patricia Anderson. Both motions have been fully briefed by the parties. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Harrison County's Motion for Attorneys' Fees should be denied. The Court further finds that Anderson's Motion to Strike is moot.

## BACKGROUND

On July 22, 2013, Patricia Anderson filed this lawsuit against the Harrison County Adult Detention Center, the Harrison County Board of Supervisors, Harrison County, Mississippi, Elaine Lege, and David Sanderson, alleging that she was subjected to a discriminatory shift change. In her Complaint, Anderson, who is an African American, claimed that the defendants committed race discrimination in violation of Title VII, and violated the Americans with Disabilities Act, the Rehabilitation Act, and the Family and Medical Leave Act. Anderson's claims against the detention center were dismissed pursuant to an Agreed Order entered

on September 19, 2014. Lege and Sanderson filed a Motion for Summary Judgment, and Harrison County, Mississippi, and the Board of Supervisors filed two joinders in the Motion. In her response in opposition to the Motion for Summary Judgment, Anderson voluntarily withdrew her Rehabilitation Act and FMLA claims. After the parties finished briefing the Motion for Summary Judgment, Lege, Sanderson, and the Board of Supervisors were dismissed pursuant to an Agreed Order, leaving Harrison County, Mississippi, as the only remaining defendant.

On December 1, 2014, this Court entered a Memorandum Opinion and Order [75] granting summary judgment in favor of Harrison County, Mississippi, because Anderson had not set forth a prima facie case of discrimination. The Court also noted that Anderson had not demonstrated that Harrison County's reason for the shift change was pretext for discrimination. Harrison County has filed the present Motion for Attorneys' Fees, because it claims that Anderson's lawsuit was frivolous. Anderson has filed a Motion to Strike the reply [90] Harrison County filed in support of its Motion, because the reply references other claims and litigation filed by Anderson.

## DISCUSSION

Section 706(k) of the Civil Rights Act of 1964 provides that a district court has discretion to award reasonable attorneys' fees and costs to the prevailing party in a lawsuit brought under Title VII. 42 U.S.C. § 2000e-5(k). Attorneys' fees can also be recovered by the prevailing party in an ADA case. 42 U.S.C. § 12117(a).

> As Congress enacted § 706(k) in part to "promote the vigorous enforcement of the provisions of Title VII," the Supreme Court has held that a successful defendant can only recover § 706(k) fees "if the plaintiff's action was frivolous, unreasonable, or without foundation." The Court has cautioned district judges to "resist the understandable temptation . . . to conclud[e] that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."

*Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 349 (5th Cir. 2013) (quoting *Christiansburg Garment Co., v. EEOC*, 434 U.S. 412, 421-22 (1978)). "When considering whether a case is frivolous, a district court should look to factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). "These factors are, however, guideposts, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Id.* "Even when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422. When a plaintiff presents credible evidence supporting her claim, she has shown that her case has arguable merit, and the prevailing defendant is not entitled to attorneys' fees. *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986). "The stringent standard applicable to defendants is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Myers*, 211 F.3d at 292 n.1.

Harrison County asserts that it is entitled to attorneys' fees because

Anderson admitted during her deposition that the individual she named as a comparator held a different job at the detention center.  Harrison County also argues that Anderson's decision to dismiss some of the defendants to this lawsuit indicates that she knew her entire case lacked merit.  In its reply, Harrison County provided evidence of multiple worker's compensation claims concerning injuries that Anderson allegedly suffered while sitting on either a chair or a stool.  The County contends that these claims demonstrate that Anderson has a history of filing frivolous claims.

This case presents a close question, but the Court finds that Harrison County is not entitled to recover attorneys' fees.  Although they performed different duties, Anderson and her alleged comparator were both generally classified as correction officers, and Anderson presented evidence that the alleged comparator was not subjected to the same shift change to which Anderson was subjected.  Therefore, Anderson submitted some evidence to support her claim.  The fact that Anderson voluntarily dismissed some defendants and claims actually indicates that Anderson acted in good faith by continuing to evaluate the merits of her case throughout this litigation.  As for Anderson's worker's compensation claims, this Court is not in a position to determine the merits of those claims; thus those claims do not support an award of attorneys' fees in this lawsuit.[1]

---

[1] Anderson filed a Motion to Strike the reply's reference to her worker's compensation claims.  The Court finds that the Motion to Strike is moot, because the arguments and evidence concerning the worker's compensation claims do not affect the Court's decision on the Motion for Attorneys' Fees.

## CONCLUSION

For the foregoing reasons, the Court finds that Harrison County's Motion for Attorneys' Fees should be denied, and Anderson's Motion to Strike is moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Attorneys' Fees [77] filed by the defendant Harrison County, Mississippi, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Strike Reply [91] filed by the plaintiff Patricia Anderson is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 25th day of February, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE